IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| *WILLIAM WATSON, individually; TERIA ROBERTSON, individually; KELVIN SMITH, individually; KIZZY BRADSHER, individually; and KENNETH DANSBY, individually;* | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Cause No. _____ |
| v. | ) ) | |
| *GENERAL MOTORS, LLC* | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL ON BEHALF OF GENERAL MOTORS LLC

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant General Motors LLC ("GM") timely removes this product liability action styled *William Watson, individually; Teria Robertson, individually; Kelvin Smith, individually; Kizzy Bradsher, individually; Kenneth Dansby, individually; v. General Motors, LLC*, from the Circuit Court of Jackson County, Missouri at Independence to the United States District Court for the Western District of Missouri, Western Division.[1] This action was filed by 5 plaintiffs from 5 different states arising out of 5 different accidents. *See* Pet. ¶¶ 2-6. The United States District Court for the Western District of Missouri has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all Plaintiffs who were not joined for purposes of defeating diversity and GM, and the amount in controversy

---

[1] By removing this action to this Court, GM does not waive any defenses, objections, or motions available to it under state or federal law. Further, GM expressly reserves the right to move for dismissal on some or all of Plaintiffs' claims and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, and forum non conveniens. GM also expressly reserves the right to seek severance of all of Plaintiffs' claims into individual actions.

1

as to each Plaintiff exceeds $75,000.00, exclusive of interest and costs.

In support of removal, GM states as follows:

1.      On or about January 30, 2017, 5 plaintiffs from 5 separate states ("Plaintiffs") filed an action styled *William Watson, individually; Teria Robertson, individually; Kelvin Smith, individually; Kizzy Bradsher, individually; Kenneth Dansby, individually; v. General Motors, LLC*, in the Circuit Court of Jackson County, Missouri at Independence, Cause No. 1716-CV02327. *See* Pet. ¶¶ 2-6. Plaintiffs allege they each suffered injuries as a result of 5 different motor vehicle accidents from 2012 to 2016 which occurred in various states and involved different makes and models of GM vehicles. *Id.* ¶¶ 51-55. As a result of these unrelated accidents, Plaintiffs assert the following four causes of action: (1) product liability – marketing defect and failure to warn (strict liability); (2) product liability – design defect (strict liability); (3) product liability – manufacturing defect (strict liability); and (4) negligence. *Id.* ¶¶ 67-84. Although Plaintiffs allege their claims involve similar vehicles and crash-sensing algorithms, the reality of the situation is that Plaintiffs' claims involve dissimilar vehicles and dissimilar airbag sensing systems. *See* Wayne Bradley Declaration attached as Exhibit A.

2.      Of the 5 Plaintiffs in this action, only one is alleged to be a citizen of Missouri ("Missouri Plaintiff"). *Id.* ¶¶ 2-6.

3.      The remaining 4 Plaintiffs are alleged to be citizens of 4 different states ("Non-Missouri Plaintiffs"). *Id.* Specifically, of the Non-Missouri Plaintiffs, Plaintiff Teria Robertson is a resident of Michigan; Plaintiff Kelvin Smith is a resident of Alabama; Plaintiff Kizzy Bradsher is a resident of North Carolina; and Plaintiff Kenneth Dansby is a resident of Georgia. *Id.*

4. Plaintiffs correctly acknowledge that GM is incorporated in Delaware and has its principal place of business in Michigan. *Id.* ¶ 7. For purposes of 28 U.S.C. § 1332(c)(1), GM is therefore deemed to be a citizen of Delaware and Michigan.

5. When the claims of the 5 Plaintiffs are examined individually, there is complete diversity between each Plaintiff and GM, except for Plaintiff Teria Robertson ("Non-diverse Plaintiff"), who is also a resident of Michigan. *Id.* ¶ 3.

6. It is apparent from the Petition that Plaintiffs have sought to combine 5 lawsuits into one for the purpose of avoiding removal of their claims to federal court due to joinder of the Non-diverse Plaintiff's claims with those of the 4 diverse Plaintiffs. *Id.* ¶ 39. As explained below, the Non-diverse Plaintiff is not a proper party to this action, and her joinder cannot defeat GM's constitutional right to remove the claims of the Missouri Plaintiff.

7. Under the Supreme Court of the United States' recent decision in *Daimler AG v. Bauman*, 134 S.Ct. 746, 760-61 (2014), none of the plaintiffs to this action—including, but not limited to, the Non-diverse Plaintiff—can establish general personal jurisdiction over GM in Missouri. Additionally, only one of the Plaintiffs—Plaintiff William Watson, who is a resident of Missouri—can establish specific personal jurisdiction over GM in Missouri. *See, e.g., State ex rel. Norfolk S. Ry. Co. v. Dolan*, No. SC 95514, 2017 WL 770977 at *2 (Mo. Feb. 28, 2017) ("just because a company like Ford, for example, sells cars in Iowa and in California, does not mean there is jurisdiction in California for injuries that occurred in Iowa simply because Ford engaged in the same type of activity – selling cars – in both states.").

8. In the interest of clarity and efficiency, GM respectfully urges this Court to rule on the issue of personal jurisdiction *before* addressing the issue of subject-matter jurisdiction. Notably, this Court has the discretion to do so when, as here, a case presents a straightforward

question of personal jurisdiction and a more complex question of subject-matter jurisdiction. *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (holding that, in cases removed from state court to federal court, "there is no unyielding jurisdictional hierarchy," and confirming that "there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry"); *see also Crawford v. F. Hoffman–La Roche*, 267 F.3d 760, 764 (8th Cir. 2001) ("[C]ertain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction.").

9.      To this end, GM will be filing a Motion to Dismiss the claims of the Non-Missouri Plaintiffs for lack of personal jurisdiction, improper venue, and forum non conveniens.

10.     Ruling on personal jurisdiction before subject-matter jurisdiction will result in the dismissal of all claims asserted by the Non-Missouri Plaintiffs, including, but not limited to, the Non-diverse Plaintiff. In that event, there will be complete diversity between GM and the one remaining Missouri Plaintiff.

11.     But, even if this Court chooses to decide subject-matter jurisdiction before resolving personal jurisdiction, removal is still proper on the grounds that diversity jurisdiction exists because (1) the Court can ignore the citizenship of the Non-diverse Plaintiff based on the doctrine of fraudulent misjoinder, and (2) the Court alternatively may sever the claims of the Non-diverse Plaintiff under Federal Rule of Civil Procedure 21 on the grounds that the joinder of the Non-diverse Plaintiff is improper.

8550497.1

I.    **THIS COURT SHOULD RESOLVE THE ISSUE OF PERSONAL JURISDICTION FIRST BECAUSE IT IS THE MOST EFFICIENT MEANS OF DISMISSING THE NON-MISSOURI PLAINTIFFS FROM THIS SUIT.**

12.    As explained below, the Court can and should resolve personal jurisdiction *before* ruling on subject-matter jurisdiction.

A.    **This Court Has Discretion To Decide Personal Jurisdiction First.**

13.    The Court unquestionably has the authority to decide personal jurisdiction before subject-matter jurisdiction. While a court ordinarily must resolve jurisdictional questions before addressing the merits, it is well established that "[a] court faced with more than one jurisdictional issue may decide these jurisdictional questions in any order." *In Re AFY*, 734 F.3d 810, 816 (8th Cir. 2013) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998); *Ruhrgas*, 526 U.S. at 585 ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits.").

B.    **This Court Should Follow *Ruhrgas* And Decide Personal Jurisdiction Before Subject-Matter Jurisdiction.**

14.    This Court should follow *Ruhrgas* and grant GM's forthcoming Motion to Dismiss the Non-Missouri Plaintiffs for lack of personal jurisdiction, improper venue, and forum non conveniens before ruling on Plaintiffs' anticipated Motion to Remand. *Ruhrgas* involved the same set of motions this Court is likely to face—a motion to dismiss for lack of personal jurisdiction and a motion to remand based on a purported lack of subject-matter jurisdiction. As in *Ruhrgas*, Plaintiffs' anticipated Motion to Remand will likely turn on a complicated question of fraudulent joinder whereas GM's Motion to Dismiss presents a simple and constitutionally-grounded basis for dismissing the claims of the Non-Missouri Plaintiffs—including those of the Non-diverse Plaintiff—on personal jurisdiction grounds. In *Ruhrgas*, the Supreme Court

affirmed the district court's decision to resolve personal jurisdiction first and dismiss the non-diverse parties before examining the motion to remand. *See* 526 U.S. at 580-83, 588.

15. Following *Ruhrgas*, the following discretionary factors dictate that this Court should decide personal jurisdiction before subject-matter jurisdiction.

16. The personal jurisdiction question presented in GM's forthcoming Motion to Dismiss invokes the very limits of a court's authority, as it arises directly from the constitutional protections of due process. In sharp contrast, the purported impediment to subject-matter jurisdiction on which Plaintiffs are likely to rely—a lack of complete diversity—is purely statutory. *See Ruhrgas*, 526 U.S. at 584 ("[T]he impediment to subject- matter jurisdiction on which [plaintiff] relies . . . rests on statutory interpretation, not constitutional command . . . In contrast, [defendant's personal jurisdiction argument] relies on the constitutional safeguard of due process to stop the court from proceeding to the merits of the case.").

17. "Judicial economy and restraint" also support beginning with personal jurisdiction. *Ruhrgas*, 526 U.S. at 586. The Supreme Court explained in *Ruhrgas* that "in most instances subject-matter jurisdiction will involve no arduous inquiry[,]" and in such cases "expedition" and federalism suggest beginning with subject-matter jurisdiction. *Id*. at 587. But, in situations such as this, where a case presents a "straightforward personal jurisdiction issue" and the subject-matter jurisdiction question is more difficult, these discretionary considerations favor deciding personal jurisdiction first. *Id*. at 588. In adhering to the Supreme Court's recent decision in *Daimler*, the personal jurisdiction question here is clear—the Non-diverse Plaintiff cannot establish personal jurisdiction over GM in Missouri. By contrast, the subject-matter jurisdiction question presents a more searching inquiry, as it is grounded in the fraudulent and sham joinder of the Non-diverse Plaintiff, and the Court may need to address whether the Non-

8550497.1

diverse Plaintiff can use the procedural tool of joinder under Missouri law to piggyback on the specific jurisdiction that exists over GM with respect to the claims of the one Missouri Plaintiff. *Id.* at 579-80, 587-88; *Foslip Pharms., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000) (deciding personal jurisdiction first after noting that fraudulent joinder question was "a rather complicated one" raising a "difficult and novel question").

18.     Consistent with the reasoning in *Ruhrgas*, multiple courts have held that where, as here, the issue of subject-matter jurisdiction also involves a question of personal jurisdiction, it is appropriate to consider the issue of personal jurisdiction first. *See, e.g., Thomas v. Mitsubishi Motor N. Am., Inc.*, 436 F. Supp. 2d 1250, 1251-52 (M.D. Al. June 19, 2006) ("In this case, because the subject matter jurisdiction issue involves issues of *in personam* jurisdiction, the court finds it appropriate to consider the issue of personal jurisdiction first."); *Villar v. Crowley Maritime Corp.*, 780 F. Supp. 1467, 1473-74 (S.D. Tex. 1992) (holding that "judicial economy favors deciding the Motion to Dismiss at the outset" because "the Court must necessarily address the personal jurisdiction question" in connection with plaintiffs' motion to remand); *Martino v. Viacao Aerea Riograndense, S.A. (Varig), et al.*, Civ. A. No. 90-1883, 1991 WL 13886, at *2 (E.D. La. Jan. 25, 1991) ("If personal jurisdiction could never be obtained, the court may properly hear the motion to dismiss first.").

19.     Additionally, the Court should first decide the issue of personal jurisdiction to provide clarity and certainty in this litigation. Importantly, *Ruhrgas* provides an indisputable avenue for dismissal of the Non-diverse Plaintiff, who cannot assert claims against GM in Missouri. *See, e.g., Gilmor v. Preferred Credit Corp.*, 10-01890-CV-W-ODS, 2011 WL 111238, at *1 n.1 (W.D. Mo. Jan. 13, 2011) ("While jurisdictional issues must be addressed first, it is

Case 4:17-cv-00475-DW     Document 1     Filed 06/12/17     Page 7 of 18

permissible to address personal jurisdiction before addressing subject matter jurisdiction. The Court deems it appropriate to do so in this case in the interest of clarity.").

## C. The Non-Diverse Plaintiff Cannot Establish Personal Jurisdiction Over GM In Missouri.

20.     In Missouri, a plaintiff bears the burden of making a prima facie showing that the court has personal jurisdiction over each defendant. *See Viasystems, Inc. v. EBM-Papst St. George GMBH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011). Personal jurisdiction can be either general or specific. *Id.* at 593. General jurisdiction refers to a state's power to adjudicate any cause of action involving the defendant regardless of where the cause of action arose, whereas specific jurisdiction refers to a state's power to adjudicate causes of action arising from or related to a defendant's actions within that state. *Id.*

21.     As explained more fully in GM's forthcoming Motion to Dismiss the Non-Missouri Plaintiffs for lack of personal jurisdiction, improper venue, and forum non conveniens, the Non-diverse Plaintiff cannot meet her burden of showing that GM is subject to either general or specific jurisdiction in Missouri with respect to her claims.

22.     Once this Court dismisses the claims of the Non-diverse Plaintiff based on lack of personal jurisdiction, complete diversity of citizenship will exist among the remaining Plaintiffs and GM, and the Court will have subject-matter jurisdiction over the case.

23.     This framework is what was precisely utilized in *Locke*—a case in which the court first resolved the issue of personal jurisdiction, granted the defendants' motion to dismiss the claims of 76 out-of-state plaintiffs for lack of personal jurisdiction, and denied the plaintiffs' motion to remand since the remaining plaintiff was completely diverse from the out-of-state defendants, and the court could therefore exercise subject-matter jurisdiction. *See* 58 F. Supp. 3d 757, 765.

8

8550497.1

24.     Similarly, in *Evans*, the court first addressed the issue of personal jurisdiction, dismissed the claims of 95 out-of-state plaintiffs for lack of personal jurisdiction, and denied the plaintiff's motion to remand because there was complete diversity between the remaining plaintiff and the defendants. *See* 2014 WL 7342404, at *6.

25.     This Court should do the same here, where a similar personal jurisdiction and subject-matter jurisdiction analysis applies.

## II.     REMOVAL IS PROPER BECAUSE THE AMOUNT IN CONTROVERSY IS SATISFIED AND COMPLETE DIVERSITY EXISTS AMONG THE PARTIES NOT JOINED FOR THE PURPOSE OF DEFEATING DIVERSITY

### A.     The Amount-In-Controversy Requirement Is Satisfied.

26.     Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2]

27.     In the Eighth Circuit, the amount-in-controversy requirement is met unless, as a matter of law, the fact finder could not legally award damages totaling more than $75,000 in the circumstances that the case presents. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Here, each Plaintiff seeks damages for: "past and future medical expenses and charges; past and future physical pain and anguish; past and future physical impairment; past and future disfigurement; past lost wages and future lost wage-earning capacity; loss of guidance, love and companionship for wrongful death; loss of household contributions for wrongful death; and, all other economic

---

[2] The preponderance-of-the-evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 16.

and non-economic damages allowed for wrongful death…" Pet. ¶ 86. Additionally, each Plaintiff seeks punitive damages from GM. Pet. ¶ 89. Punitive damages are to be considered in determining the amount in controversy. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). Therefore, based on the nature of the alleged claims and damages, it is facially evident from the allegations in Plaintiffs' Petition that each Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs. *See, e.g.*, *Kopp*, 280 F.3d at 885.

28.     Accordingly, the amount-in-controversy requirement in section 1332(a) is satisfied as to each Plaintiff.

**B.      If The Court Decides Personal Jurisdiction First And Dismisses The Non-Missouri Plaintiffs, Complete Diversity Of Citizenship Will Exist As To The Remaining Parties.**

29.     If the Court dismisses the claims of the Non-Missouri Plaintiffs for lack of personal jurisdiction, the only remaining plaintiff will be the one Missouri Plaintiff—*i.e.*, William Watson. Pet. ¶ 2.

30.     In that event, there will be complete diversity between the Missouri Plaintiff and GM as required by section 1332(a)(1), as GM is deemed to be a citizen of Delaware and Michigan. *Id.* ¶¶ 2-7.

**C.      Even If The Court Decides Subject-Matter Jurisdiction First, Complete Diversity Will Still Exist.**

31.     If the Court decides subject-matter jurisdiction first, the Court should ignore the citizenship of the Non-diverse Plaintiff, as she has been fraudulently misjoined to this action. Alternatively, the Court should sever the claims of the Non-diverse Plaintiff from this action, as her joinder is improper. Whichever approach the Court takes, there will be complete diversity between GM and the remaining Plaintiffs for purposes of section 1332(a)(1). *Id.* ¶¶ 2-7.

### 1. The Non-diverse Plaintiff is fraudulently misjoined.

32.     Fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010), citing Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L. Rev. 52, 57 (2008); *See, e.g., In re Diet Drugs,* No. 98-20478, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (unreported) (reasoning that plaintiffs' misjoinder "wrongfully deprives Defendants of their right of removal."); *Reed v. American Medical Sec. Group, Inc.,* 324 F. Supp. 2d 798, 805 (S.D. Miss. 2004) (adopting the doctrine because "diverse defendants ought not be deprived of their right to a federal forum by such a contrivance as this."); *See also* Laura J. Hines & Steven S. Gensler, *Driving Misjoinder: The Improper Party Problem in Removal Jurisdiction,* 57 Ala. L. Rev. 779, 825 (2006) (explaining that the doctrine protects defendants' access to federal courts). Under fraudulent misjoinder, "courts have concluded that diversity is not defeated where the claim that destroys diversity has no real connection with the controversy involving the claims that would qualify for diversity." *In re Prempro Prod. Liab. Litig.* at 620.

33.     When determining whether a Non-diverse plaintiff's claims are misjoined, courts look to the language of Federal Rule of Civil Procdure 20(a)(1) to determine whether the claims arise "out of the same transaction, occurrence, or series of transactions, or occurrences," and whether there is "any question of law or fact" that is common to the Non-diverse plaintiff's claims and the resident plaintiff's claims. *In Re Prempro. Contrast* at 620; *Fenner v. Wyeth*, 912 F. Supp. 2d 795 (E.D. Mo. 2012).

8550497.1

34.     Here, there is no question that the Non-diverse Plaintiff was misjoined solely to prevent removal and that her claims do not concern common questions of law and fact and do no arise out of the same transaction, occurrence, or series of transactions or occurrences as the Missouri Plaintiff's claims.

35.     Plaintiffs' Petition incorrectly asserts that the 5 cases and 5 different vehicles present "virtually identical questions of fact …" because the 5 different vehicles have "identical or substantially similar defective airbag deployment systems." Pet. ¶¶ 26-27. As the declaration of Wayne Bradley indicates, this is not true. The 5 vehicles involve different generations and platforms of GM trucks. Further, different platforms have different structures and different crush characteristics requiring different sensing system characteristics. *See* Bradley Declaration ¶ 6. Additionally, the Petition alleges that each of the vehicles utilized an algorithm known as "Algo-S" which contains a calibration threshold termination at 45 milliseconds. Pet. ¶¶ 41 and 43. Notably, none of the 5 vehicles had a calibration termination at 45 ms. Bradley Declaration ¶ 13. Moreover, utilizing the same algorithm does not mean the systems are similar.  The calibration of the algorithm and the associated hardware of the system have to be considered.  For different vehicle structures and different types of sensors, the algorithm will have to be calibrated differently. Bradley Declaration ¶ 5. In fact, the very feature of which Plaintiffs complain is a calibration issue that is not present on the 5 vehicles.

36.     Moreover, the fact that the Non-diverse Plaintiff purports to join her claims under R.S.Mo. §507.040(1) (*see* Pet. ¶ 40) does not allow her to piggyback on the specific jurisdiction that exists over GM with respect to the one Missouri Plaintiff's claims. Any argument to the contrary lacks merit for the reasons detailed below.

8550497.1

37.     Firstly, procedural joinder rules cannot extend a court's jurisdiction beyond the limits of due process. *See Lincoln Property Co. v. Roche,* 546 U.S. 81, 90, 91 (2005) (explaining that federal joinder rules do not affect federal court jurisdiction, citing Fed. R. Civ. P. 82); *Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No. 4:13-CV-1080, 2014 WL 50856, at *3 (E.D. Mo. Jan. 7, 2014) ("It is well-established that the requirement for personal jurisdiction cannot be bypassed by proving proper joinder."), *vacated in part on other grounds on reconsideration by Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No. 4:13-CV-1080, 2014 WL 1347531 (E.D. Mo. Apr. 4, 2014).

38.     Additionally, due process requires that there be "specific jurisdiction for *each claim* asserted against the defendant." 5B Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1351, n.30 ("[I]f separate claims are pled, specific personal jurisdiction must independently exist for *each claim* and the existence of personal jurisdiction for one claim will *not* provide the basis for another claim.") (emphasis added). Moreover, courts have recognized that specific jurisdiction is claim-specific. *See, e.g., Claredi Corp. v. Seebeyond Tech. Corp.*, No. 4:04 CV 1304 RWS, 2005 WL 2563184, at *4 (E.D. Mo. Oct. 11, 2005) ("In order to establish personal jurisdiction over Edifecs, Claredi must show for each cause of action against Edifecs that Edifecs has either committed the tortious act in Missouri or transacted business in Missouri giving rise to the claim."); *See, e.g., Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 92 n.4 (10th Cir. 2012) ("[T]he determination of specific personal jurisdiction is a claim-specific inquiry. Thus, a conclusion that the court has personal jurisdiction over one defendant as to a particular claim does not necessarily mean that the court has personal jurisdiction over that same defendant as to other claims by the same plaintiff").

39.     If a single plaintiff must establish personal jurisdiction over each claim, it necessarily follows that *each plaintiff* must establish personal jurisdiction as to *each of his or her own claims. See, e.g.*, *Level 3 Commc'ns, LLC*, 2014 WL 50856, at *2 (rejecting proposition that "a second plaintiff can essentially 'piggyback' onto the first plaintiff's properly established personal jurisdiction"); *Affordable Healthcare, LLC v. Protus IP Solutions, Inc.*, No.4:08CV502 RWS, 2009 WL 749536, at (E.D. Mo. Mar. 19, 2009) (allegation that claims "'arise out of' [defendant's] transactions in Missouri . . . suffices to impose jurisdiction over [defendant] for the claims of Missouri Plaintiffs . . . [but not] the out-of-state Plaintiffs").

40.     Further, allowing an out-of-state plaintiff to piggyback on the specific jurisdiction that exists as to the claims of an in-state plaintiff would result in the very due process violation that the Supreme Court attempted to remedy in *Daimler*. At bottom, *Daimler* rejected expansive theories of general jurisdiction because subjecting a large corporation to suit in every state in the United States, without regard to where the plaintiff's claims arose, was "so exorbitant" as to be "barred by due process constraints." 134 S.Ct. at 751. A "piggyback" jurisdiction theory would have this exact effect. Under such a theory, a plaintiff could sue a corporation in any state for injuries not suffered in that state as long as he or she joined an in-state plaintiff. As Missouri courts have recognized, such a theory of jurisdiction "does not comport with 'traditional notions of fair play and substantial justice' as required by the Constitution." *Keeley*, 2015 WL 3999488, at *3 (rejecting this theory because it would allow "a national company [to] be sued by any resident of any state in any state").

41.     Based on the foregoing, the Non-diverse Plaintiff is fraudulently misjoined, as her claims do not concern common questions of law and fact and do no arise out of the same transaction, occurrence, or series of transactions or occurrences as the Missouri Plaintiff's

8550497.1

claims. When non-diverse parties are fraudulently misjoined, a court will ignore their citizenship for purposes of establishing subject-matter jurisdiction, and the court will dismiss the fraudulently misjoined parties from the case. *Greathouse v. Vanderbilt Mortg. & Fin. Inc.*, No. 2:11-CV-00952, 2012 WL 1424175, at *2 (S.D.W. Va. Apr. 24, 2012).

> **2.    Alternatively, this Court should sever the Non-diverse Plaintiff's claims because they are improperly joined for the sole purpose of attempting to destroy diversity.**

42.    Alternatively, the Court should deny Plaintiffs' motion to remand (if one is filed) by severing the claims brought by the Non-diverse Plaintiff and rejecting the blatant jurisdictional gamesmanship of Plaintiffs' counsel. A district court may sever claims under Federal Rule of Civil Procedure 21 when joinder is designed in such a way as to only defeat removal—as Plaintiffs' counsel has done here by improperly joining the Non-diverse Plaintiff to this Missouri case.

43.    As earlier explained, Plaintiffs' Petition alleges no reasonable facts showing or even suggesting that the claims of the Non-diverse Plaintiff have any nexus with Missouri, its courts, or the Missouri Plaintiff. Nevertheless, Non-diverse Plaintiff chose to file suit in a Missouri state court that has no personal jurisdiction over her claims, and her claims are also subject to transfer out of Missouri under the doctrine of forum non conveniens. *See Taylor v. Farmers Ins. Co., Inc.*, 954 S.W.2d 496, 500 (Mo. Ct. App. 1997) (doctrine of forum non conveniens is intended to avoid "an unfair burden on a [Missouri] community of holding a trial for strangers" and to support the "duty of [Missouri] courts to prevent the abuse of their process"). All of this makes plain that the Non-diverse Plaintiff is joined to this case solely to defeat removal.

8550497.1

44. This Court has the authority to sever the claims asserted by the Non-diverse Plaintiff and to retain jurisdiction over the remaining claims. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court also may sever any claim against a party."). "It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." *Newman– Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989) ("Almost every modern Court of Appeals faced with this issue has concluded that it has the authority to dismiss a dispensable nondiverse party by virtue of Rule 21."); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308-09 (8th Cir. 2009) (citing Rule 21 and affirming dismissal of nondiverse defendants who were "dispensable parties"); *Alday v. Organon USA, Inc.*, No. 4:09CV1415 RWS, 2009 WL 3531802, at *1-2 (E.D. Mo. Oct. 27, 2009) (severing and dismissing non-Missouri plaintiffs' claims involving prescription drug because claims "did not arise out of the same transaction or occurrence" as Missouri plaintiff's claims, and non-Missouri plaintiffs were therefore "improperly joined" to Missouri plaintiff's case).

45. This Court should alternatively sever the claims of the Non-diverse Plaintiff not only in response to Plaintiffs' jurisdictional gamesmanship but also to protect GM's constitutional right to remove this action to federal court. *See Terral v. Burke Constr. Co.*, 257 U.S. 529, 532–33 (1922) (holding that foreign corporations have a "federal constitutional right . . . to resort to the federal courts" through exercise of their federal right of removal). A plaintiff cannot defeat a defendant's federal right of removal by naming an unnecessary and dispensable party to the controversy. *See Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 190 (1924) ("On the question of jurisdiction, an unnecessary and dispensable party, will not be considered."). As Justice Holmes explained, citing *Salem Trust*: "When a defendant seeks to remove a suit from a

16

State Court to the District Court, of course he is entitled to contend that a party joined by the plaintiff is not a necessary party and therefore does not make the removal impossible by defeating the jurisdiction." *Lee v. Lehigh Valley Coal Co.*, 267 U.S. 542, 543 (1925). To protect this right of removal, the Supreme Court does not permit any party to engage in jurisdictional manipulation, even when permissible on its face, to defeat the diversity jurisdiction of the federal district courts.[3]

46.    Accordingly, and in the alternative, this Court should find that the joinder of the Non-diverse Plaintiff is improper, and it should sever her claims from this action. Upon severance, complete diversity will exist between each of the remaining 4 Plaintiffs and GM.

## III.   GM HAS SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

47.    Plaintiffs' Petition is the only known pleading filed to date in this matter.

48.    The Circuit Court of Jackson County, Missouri at Independence is located within the Western District of Missouri, Western Division, and venue for this action is proper in this Court only to the extent of 28 U.S.C. § 1441(a) because the Western District of Missouri, Western Division, is the "district and division embracing the place where such action is pending."

49.    GM was served with Plaintiffs' Petition on May 11, 2017.    *See*   Exhibit B. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

---

[3] In fact, the Supreme Court and the federal appellate courts consistently have exercised their discretionary authority to fight a variety of manipulative artifices designed to destroy diversity jurisdiction, including (1) naming an unnecessary party as a plaintiff or as a defendant, *see Irvine for the Use of Lumberman's Bank v. Lowry*, 39 U.S. 293 (1840); *Salem Trust Co.*, 264 U.S. at 190; (2) improper attempts to realign a party for the purpose of creating or defeating diversity, *see City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 74-75 (1941) (realigning a defendant as a plaintiff and remanding suit to state court based on lack of diversity post-realignment); (3) the naming of nominal parties, *see Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460, 461 (1980); (4) permissible but nonetheless sham practices by the plaintiff or the defendant, *see Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010); and (5) the plaintiff's filing of nonbinding stipulations, *see Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013).

8550497.1

50. No previous application has been made for the relief requested herein.

51. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d). GM will promptly file a copy of this Notice with the Clerk of the Circuit Court of Jackson County, Missouri at Independence, as required by 28 U.S.C. § 1446(d).

WHEREFORE, General Motors LLC gives notice that the matter bearing cause number 1716-CV02327, in the Circuit Court of Jackson County, Missouri at Independence is removed to this Court pursuant to 28 U.S.C. § 1441.

SANDBERG PHOENIX & von GONTARD P.C.

By:      */s/ Stephen M. Strum*
         Stephen M. Strum, #37133
         Casey F. Wong, #62258
         600 Washington Avenue – 15th Floor
         St. Louis, MO 63101-1313
         314-231-3332
         314-241-7604 (Fax)
         sstrum@sandbergphoenix.com
         cwong@sandbergphoenix.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of June, 2017, a copy of the foregoing was served via U.S. mail, first-class postage prepaid and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

Derek H. Potts
Eric G. Jensen
The Potts Law Firm, LLP
1901 W. 47th Place, Suite 210
Westwood, KS 66205
*Attorneys for Plaintiffs*

*/s/ Stephen M. Strum*

8550497.1